NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KESHI FILMON,<br><br>    Petitioner,<br><br>v.<br><br>ROY L. HENDRICKS.,<br><br>    Respondents. | Civil Action No. 13-6739 (DMC)<br><br>OPINION |

**APPEARANCES**:

KESHI FILMON, A 025 306 765
Essex County Correctional Facility
354 Doremus Avenue
Newark, New Jersey 07105
Petitioner *Pro Se*

**CAVANAUGH, District Judge**:

Keshi Filmon filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging his post-removal-period detention at Essex County Correctional Facility, where he is being held in the custody of the Department of Homeland Security ("DHS") without a bond hearing. Although DHS has detained Filmon beyond the six-month presumptively reasonable period of post-removal-period detention (which expired on October 8, 2013), this Court is constrained to dismiss the Petition because it does not allege facts showing that there is "good reason to believe that there is no significant likelihood of removal [to Ethiopia] in the reasonably foreseeable future," *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), or that Filmon's detention is otherwise in violation of federal law. The dismissal is without prejudice to the filing of a new § 2241 petition (in a new case), in the event that Filmon can allege facts, at the time of filing,

showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

## I. BACKGROUND

Keshi Filmon asserts that he is a native and citizen of Ethiopia. He alleges that he entered the United States on September 13, 1983, as a refugee, and in 1985 he became a lawful permanent resident. (Petition, ECF No. 1 at 2.) He states that DHS issued a notice to appear for removal on October 17, 2011, and on December 6, 2011, an Immigration Judge ordered his removal. *Id.* He alleges that DHS released him under supervision on April 27, 2012, but arrested him on April 8, 2013, because he failed to report on March 6, 2013. *Id.* He asserts that he has cooperated with efforts to remove him and he has applied for a travel document. *Id.* at 4. He also alleges that he does not have a contagious disease, his release would not cause serious adverse foreign policy consequences, he is not detained on account of terrorism concerns, and his release would not pose a special danger to the public. *Id.* He contends that his continued detention violates § 1231(a)(6) and the accompanying regulations "[b]ecause there is no significant likelihood of removal in the reasonably foreseeable future, and because none of the special circumstances exist here to justify petitioner[']s continued detention." *Id.* He further argues that his detention violates due process because he "is not dangerous, not a flight risk, and cannot be removed." *Id.* He seeks an order declaring that his detention is not statutorily authorized and violates the Fifth Amendment, and directing DHS to release him. *Id.* at 4-5.

## II. DISCUSSION

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998), and he asserts that his detention violates federal law and his constitutional rights. *See Bonhometre v. Gonzales*, 414 F.3d 442, 445-46 (3d Cir. 2005).

B. Standard of Review

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985). Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Id.; *see also McFarland*, 512 U.S. at 856; *Thomas*, 221 F.3d at 437 (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## C. Legality of Detention

"Detention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510 (2003). The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . ."). Once an alien's order of removal is final, the Attorney General is required to remove him or her from the United States within a 90-day "removal period." *See* 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').") 8 U.S.C. § 1231(a)(1)(A). This 90-day removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires DHS to detain aliens during this 90-day removal period. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"). However, if DHS does not remove the alien during this 90-day removal period, then §

4

1231(a)(6) authorizes DHS to thereafter release the alien on bond or to continue to detain the alien. Specifically, § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

The Supreme Court held in *Zadvydas* that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention. *Id.* at 701. The Supreme Court held that, to state a claim under § 2241, the alien must show that he has been detained beyond the six-month presumptively reasonable period, and must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas,* 533 U.S. at 701. Specifically, the Supreme Court determined:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

5

*Zadvydas*, 533 U.S. at 701.

In this case, Filmon states DHS took him into custody on April 8, 2013. The six-month presumptively reasonable period of post-removal-period detention expired on October 8, 2013, the same day Filmon signed his § 2241 Petition. However, the *Zadvydas* Court emphasized that "[t]his 6-month presumption [ ] does not mean that every alien not removed must be released after six months." *Zadvydas*, 533 U.S. at 701. Rather, the Supreme Court explained that, to state a claim for habeas relief under § 2241, an alien must provide in the petition good reason to believe that his or her removal is not foreseeable. In the absence of factual allegations supporting Filmon's conclusion that his removal is not reasonably foreseeable, DHS does not have to respond by showing that removal is reasonably foreseeable. *See Zadvydas*, 533 U.S. at 701 ("After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."); *see also Barenboy v. Attorney General of U.S.*, 160 F.App'x 258, 261 n.2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . . Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing") (citation and internal quotation marks omitted). Because Filmon has not asserted facts showing that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, his detention is authorized by § 1231(a)(6).

Filmon also argues that DHS violated due process by failing to give him a hearing and by detaining him for six months without demonstrating that his removal is foreseeable. Filmon's

procedural and substantive due process claims lack merit. *Zadvydas* does not require a hearing or release unless the non-citizen has been detained beyond the presumptively reasonable six month period *and* he provides good reason that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701; *cf. Wilson v. Hendricks*, Civ. No. 7315 (KM), 2013 WL 324743 at *2 (D.N.J. Jan. 25, 2013) ("The U.S. Supreme Court has adopted a rule of thumb that a post-removal detention of up to six months is reasonable, but that a bond hearing may be required after that time.").[1]

Finally, Filmon argues that DHS is violating 8 C.F.R. § 241.14 by continuing to detain him in the absence of any determination that he has a contagious disease, his release poses a serious adverse foreign policy consequence, or that he must be detained on account of security or terrorism concerns or because he is particularly dangerous. The problem with this argument is that 8 C.F.R. § 241.14 "applies to removable aliens as to whom the Service has made a determination under § 241.13 that there is no significant likelihood of removal in the reasonably foreseeable future." 8 C.F.R. 241.14(a)(1). Section 241.13 applies "where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future." 8 C.F.R. § 241.13(a). Since Mr. Filmon does not allege that he provided immigration officials with good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, and Filmon does not set forth facts establishing good reason in his § 2241 petition, he has not alleged any violation of the cited regulations.

---

[1] This Court declines to adopt the Ninth Circuit's holding in *Diouf v. Napolitano*, 634 F.3d 1081, 1092 (9th Cir. 2011), that "an alien facing prolonged detention under § 1231(a)(6) is entitled to a bond hearing before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community."

The instant Petition must be dismissed because Mr. Filmon "has made no showing whatever that there is 'no significant likelihood of removal in the reasonably foreseeable future,'" *Encarnacion-Mendez v. Attorney General of U.S.*, 176 F.App'x 251, 254 (3d Cir. 2006), and he has not otherwise shown that his detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see, e.g., Joseph v. United States*, 127 F.App'x 79, 81 (3d Cir. 2005) ( "Under *Zadvydas*, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and [petitioner] has failed to make that showing here."); *Soberanes v. Comfort*, 388 F.3d 1305 (10th Cir. 2004) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6) where petitioner failed to provide good reason to believe that there is no likelihood of removal); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"). The dismissal is without prejudice to the filing of a new § 2241 petition (in a new case), in the event that Mr. Filmon can allege facts showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.[2]

---

[2] Alternatively, if Mr. Filmon has reason to believe that his removal in the reasonably foreseeable future is not likely, he may at any time ask DHS to review his detention and he may submit written documentation supporting his request. *See* 8 C.F.R. § 241.13(d)(1) ("An eligible alien may submit a written request for release to [DHS] asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future. The alien may submit whatever documentation to [DHS] he or she wishes in support of the assertion that there is no significant likelihood of removal in the reasonably foreseeable future.")

### III. CONCLUSION

For the foregoing reasons, this Court will dismiss the Petition.[3]

_____
DENNIS M. CAVANAUGH, U.S.D.J.

DATED: __Nov 15__, 2013

---

[3] This Court will also direct Mr. Filmon to either pay the $5 filing fee or, if he is unable to afford the fee, to apply to proceed *in forma pauperis*.